1  PAUL L. REIN, State Bar No. 43053
   CELIA MCGUINNESS, State Bar No. 159420
2  CATHERINE M. CABALO, State Bar No. 248198
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA 94612
4  Telephone: (510) 832-5001
   Facsimile: (510) 832-4787
5  reinlawoffice@aol.com

6  Attorneys for Plaintiff
   NICOLE BROWN-BOOKER
7
   * Defendants' counsel listed after the caption
8

9              UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 NICOLE BROWN-BOOKER,

13              Plaintiff,                Case No. C12-6565 MEJ

                 v.                        Civil Rights
14
   FOREVER 21 RETAIL, INC.; SPI           **CONSENT DECREE AND**
15 COMMERCIAL PARK, L.P.; SPI IH          ~~[PROPOSED]~~ **ORDER AS TO**
   II, LP; and DOES 1-10, Inclusive,      **INJUNCTIVE RELIEF ONLY**
16
                 Defendants.
17

18 LITTLER MENDELSON, PC
   MICHAEL LEGGIERI, ESQ. (State Bar No. 253791)
19 500 Capitol Mall, Suite 2000
   Sacramento, CA 95814
20 Telephone: 916/830-7200
   Facsimile: 916/848-0200
21 MLeggieri@littler.com

22 LITTLER MENDELSON, PC
   MAUREEN A. RODGERS, ESQ. (State Bar No. 245846)
23 650 California Street, 20th Floor
   San Francisco, CA 94108
24 Telephone: 415/433.1940
   MRodgers@littler.com
25
   Attorneys for Defendant
26 FOREVER 21 RETAIL, INC.

27

28

RING HUNGER HOLLAND & SCHENONE LLP
STEVE HOLLAND, ESQ. (State Bar No. 132321)
985 Moraga Road, Suite 210
Lafayette, CA 94549
Telephone: 925/226-8248
Facsimile: 925/550-8509
sholland@rhhslaw.com

Attorneys for Defendants
SPI COMMERCIAL PARK, L.P. and
SPI IH II, LP

1.      Plaintiff NICOLE BROWN-BOOKER filed a Complaint in this action on December 28, 2012 to obtain recovery of damages for her alleged discriminatory experiences, denial of access, and denial of her civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("**ADA**"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants FOREVER 21 RETAIL, INC.; SPI COMMERCE PARK, L.P.; SPI IH II, LP (all defendants sometimes referred to as "**Defendants**"), relating to the condition of Defendants' public accommodations as of October 11, 2011 and continuing.  Plaintiff alleges that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 7 Powell St., San Francisco, California.

2.      Plaintiff and Defendants (together sometimes the "**Parties**") hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation.  Issues of damages and attorneys' fees,

- 2 -

costs, and expenses will be the subject of further negotiations and litigation, if necessary.

**JURISDICTION:**

3.     The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4.     In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all injunctive relief claims raised in the Complaint filed with this Court.  Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief, Defendants expressly doing so without admitting any wrongdoing, liability, or any of the allegations pled by Plaintiff.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

CONSENT DECREE & ORDER AS TO
INJUNCTIVE RELIEF ONLY
Case No. C12-6565 MEJ
E:\2013 09 11 Consent Decree & Order RE Injunctive Relief.doc

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.      This Order shall be a full, complete, and final disposition and settlement of Plaintiff's injunctive relief claims against Defendants that have arisen out of the subject Complaint.

6.      The Parties agree and stipulate that the corrective work set forth in Exhibit A will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

a)      **Remedial Measures:** The corrective work agreed upon by the Parties is set forth in **Attachment A**, which is attached and incorporated herewith.

b)      **Timing of Injunctive Relief:** Defendant SPI will submit plans for all corrective work requiring permits to the appropriate governmental agencies within 60 days of the entry of this Consent Decree by the Court.  Defendants will complete all corrective work by December 31, 2013, except for the primary entrance ramp, which shall be completed by May 31, 2014.  In the event that unanticipated difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 10 business days of discovering the delay.  Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by

- 4 -

stipulation or otherwise respond to Defendants' notice.  If the Parties cannot reach agreement regarding the delay within an additional fifteen days after meet and confer efforts are concluded, or as otherwise stipulated, any party to this agreement may seek enforcement by the Court.  Defendants or its counsel will notify Plaintiff's counsel when the corrective work is completed.

c)    If Defendants fail to provide injunctive relief on the agreed upon timetable and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorneys' fees for any compliance work necessitated by Defendants' failure to keep this agreement if and to the extent allowed under applicable laws.  If the Parties disagree, such fees shall be set by the Court

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

7.    The Parties have not reached any agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs.  These matters will be the subject of future negotiation or litigation as necessary.  The Parties jointly stipulate and request that the Court not dismiss the case in its entirety as these issues remain unresolved.

- 5 -

**ENTIRE CONSENT DECREE AND ORDER:**

8.      This Consent Decree and Order and **Attachment A** constitute the

entire agreement between the signing Parties and no other statement, promise, or

agreement, either written or oral, made by any of the Parties or agents of any of the

Parties that is not contained in this written Consent Decree and Order, shall be

enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9.      This Consent Decree and Order shall be binding on Plaintiff,

Defendants, and any successors-in-interest.  Defendants have a duty to so notify all

such successors-in-interest of the existence and terms of this Consent Decree and

Order during the period of the Court's jurisdiction of this Consent Decree and

Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10.     Each of the Parties to this Consent Decree and Order understands and

agrees that there is a risk and possibility that, subsequent to the execution of this

Consent Decree and Order, any or all of them will incur, suffer, or experience

some further loss or damage with respect to the lawsuit that is unknown or

unanticipated at the time this Consent Decree and Order is signed.  Except for all

- 6 -

obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order.  Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, from the beginning of time to the date of entry of this Consent Decree, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs.

11.    Except for all obligations required in this Consent Decree and Order -- and exclusive of the referenced continuing claims for damages, attorneys' fees, litigation expenses, and costs – each of the Parties to this Consent Decree and Order on behalf of each, their respective agents, representatives, predecessors,

successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.  Notwithstanding the foregoing, the Defendants do not waive or release, but instead explicitly preserve, their rights to seek contribution, apportionment, indemnification, and all other appropriate relief from each other in connection with this lawsuit and settlement thereof.

In the event Plaintiff believes at any time in the future that the conditions at the Forever 21 store involved in this lawsuit, or the conditions at any Forever 21 facility located in the United States, constitute a violation of Title III of the Americans with Disabilities Act or similar California state laws, regulations, or codes, including but not limited to the Unruh Civil Rights Act, Title 24 of the California Code of Regulations, the California Health & Safety Code, and the California Disabled Persons Act, Plaintiff shall provide written notice to outside counsel for Forever 21 and Forever 21's Legal Department, 3880 North Mission Road Room 3110, Los Angeles, 90031, by certified or registered mail, and counsel for SPI, if applicable, detailing the claimed violation(s).  Defendant(s) thereafter

CONSENT DECREE & ORDER AS TO
INJUNCTIVE RELIEF ONLY
Case No. C12-6565 MEJ
F:\2013 09 11 Consent Decree & Order RE Injunctive Relief.doc

shall have 120 days from the receipt of the notice to cure any such violation(s) before Plaintiff may institute any proceeding to compel compliance.

**TERM OF THE CONSENT DECREE AND ORDER:**

12.    This Consent Decree and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13.    If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14.    Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

- 9 -

**NO ADMISSION OF LIABILITY:**

15.     Defendants deny all allegations contained in the Action.  The Parties expressly represent, understand, and assent that this Agreement is a compromise of disputed claims and shall not be construed as an admission of liability by the released Parties.  Nor shall any acts, omissions or statements by the Parties be construed as an admission of liability.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT**
**THE END OF THE DOCUMENT.**

CONSENT DECREE & ORDER AS TO
INJUNCTIVE RELIEF ONLY
Case No. C12-6565 MEJ
E:\2013 09 11 Consent Decree & Order RE Injunctive Relief.doc

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: _____, 2013          PLAINTIFF NICOLE BROWN-BOOKER


_____
NICOLE BROWN-BOOKER

Dated: 9/11, 2013               DEFENDANT FOREVER 21 RETAIL, INC.

By: _____

Print name: __Maxwell Norman__

Title: __Senior Counsel - Employment__

Dated: 9/11, 2013               DEFENDANT SPI COMMERCE PARK, L.P.

By: _____

Print name: __Gary Miranda__

Title: __Principal__

Dated: 9/11, 2013               DEFENDANT SPI IH II, LP

By: _____

Print name: __Gary Miranda__

Title: __Principal__

//
//
//
//
//
//

- 11 -

CONSENT DECREE & ORDER AS TO
INJUNCTIVE RELIEF ONLY
Case No. C12-6565 MEJ
E:\2013 09 11 Consent Decree & Order RE Injunctive Relief.doc

APPROVED AS TO FORM:

Dated: ___9/11___, 2013          **LAW OFFICES OF PAUL L. REIN**

By: _____
Catherine Cabalo, Esq.
Attorneys for Plaintiff
NICOLE BROWN-BOOKER

Dated: __Sept 11__, 2013         **LITTLER MENDELSON, PC**

By: _____
Maureen Rodgers, Esq.
Attorneys for Defendant FOREVER 21
RETAIL, INC.

Dated: __Sept. 11__, 2013        **RING HUNTER HOLLAND &
SCHENONE, LLP**

By: _____
Steve Holland, Esq.
Attorneys for Defendants
SPI COMMERCIAL PARK, L.P.; SPI IH II,
LP

- 12 -

CONSENT DECREE & ORDER AS TO
INJUNCTIVE RELIEF ONLY
Case No. C12-6565 MEJ
E:\2013 09 11 Consent Decree & Order RE Injunctive Relief.doc

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: _9/18/2013_, 2013

Honorabl~~e~~
United St~~ates~~

GRANTED

Judge Maria-Elena James

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

- 13 -

CONSENT DECREE & ORDER AS TO
INJUNCTIVE RELIEF ONLY
Case No. C12-6565 MEJ
E:\2013 09 11 Consent Decree & Order RE Injunctive Relief.doc

Nicole Brown-Booker v. Forever 21 Retail, Inc., et al.
Case No. 12-6565 MEJ
United States District Court, Northern District of California

**ATTACHMENT A TO CONSENT DECREE AND ORDER
AS TO INJUNCTIVE RELIEF ONLY**

Defendants Forever 21, Retail, Inc. and SPI Commercial Park, L.P., and SPI IH II, LP (together "Defendants") recognize that they are jointly and severally liability for the alleged violations provided in Barry Atwood's report.

Forever 21 agrees to undertake and complete the following remedial work. Unless expressly stated otherwise, all work described will fully comply with 2010 ADA Standards and the California Building Code Title 24-2:

1. Replace or modify the handrails on the back (west) entrance ramp so that they extend at least 12 in (305 mm) beyond the top and bottom of the ramp segment.

2. Forever 21 will ensure that the bench inside the first floor dressing room is 24 inches by 48 inches. Additionally, the first floor dressing room will provide clear floor space that is a minimum of 60 inches in width and length. Forever 21 will reasonably maintain designated accessible dressing rooms to provide the necessary clear floor space to enter the space, make a 180 degree turn, and exit the room.

3. Remove the coat hangers on the wall directly behind the bench in the first floor dressing room.

4. Remove the handicap accessible sign from the west register and mount it by the accessible east-end register.

5. Remove the IBM receipt printer from the accessible east-end register.

6. Remove the drinking fountain.



7.  Adjust or replace the door closer in the women's restroom so the maximum force required to open the door is 5 lbs. of pressure.

8.  Remove the Dyson hand dryer from the women's restroom to provide the necessary turn-around space.

9.  Reconfigure or replace the p-trap in the women's restroom so the front face of the p-trap is mounted within 6" of the wall that the sink is mounted upon.

10. Remove the trash can from the accessible stall in the women's restroom and will reasonably maintain the bathroom so the minimum distance between the side of the toilet and any other semi-permanent fixture complies with the CBC/ADAAG requirements.


11. Reconfigure the rear grab bar in the accessible stall in the women's restroom so that it extends from the centerline of the water closet 12" minimum on one side and 24" on the other side.

12. Relocate the toilet paper dispenser in the accessible stall in the women's restroom so the leading edge is set at a max. 36" from the face of the wall behind the toilet.

13. Adjust or replace the door closer in the men's restroom so the maximum force required to open the door is 5 lbs. of pressure.

14. Remove the Dyson hand dryer from the men's restroom.

15. Reconfigure or replace the p-trap in the men's restroom so the front face of the p-trap is mounted within 6" of the wall that the sink is mounted upon.

16. Reconfigure the rear grab bar in the men's restroom so that it extends from the centerline of the water closet 12" minimum on one side and 24" on the other side.

17. Relocate the toilet paper dispenser in the men's restroom so the leading edge is set at a max. 36" from the face of the wall behind the toilet.



SPI Commerce Park, LP, and SPI IH II, LP, agree to undertake and complete the following remedial work.  Unless expressly stated otherwise, all work described will fully comply with 2010 ADA Standards and the California Building Code Title 24-2:

1.    Reconfigure the ramp at the main (south) entrance so it has no slope greater than 8.33% along its entire route.

2.    Insure handrails extend at least 12 in (305 mm) beyond the top of the ramp segment at the main (south) entrance.

